UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ISAIAS HERNANDEZ,

                    Plaintiff,

        -against-

ANDREW SAUL,[1] *Commissioner of Social Security*,

                    Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
18-CV-832 (JMA)

**APPEARANCES**

    Darlene Rosch
    Nassau/Suffolk Law Services Committee Inc.
    1757 Veterans Highway, Suite 50
    Islandia, NY 11749
    *Attorney for Plaintiff*

    Mary M. Dickman
    United States Attorney's Office, EDNY
    271 Cadman Plaza East
    Brooklyn, NY 11201
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

Plaintiff Isaias Hernandez ("Plaintiff") seeks review of the final decision by the Commissioner of Social Security (the "Commissioner") denying his joint application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings. (ECF Nos. 10, 16.) For the reasons discussed herein, Plaintiff's motion for judgment on the pleadings is GRANTED in part and DENIED in part, the Commissioner's cross-motion is DENIED, and the case is REMANDED for proceedings consistent with this Order.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

# I. BACKGROUND

Plaintiff filed his concurrent claim for DIB and SSI on October 31, 2014, alleging a disability onset date of June 28, 2013 due to HIV and depression. (Tr. 167–75, 190–96.[2]) Following the denial of his application, Plaintiff requested a hearing and was represented by a paralegal at an administrative hearing on January 12, 2017 before administrative law judge Alan Berkowitz ("ALJ Berkowitz"). (Tr. 28–67.)

In a decision dated February 22, 2017, ALJ Berkowitz denied Plaintiff's claim. (Tr. 15–23.) ALJ Berkowitz followed the five-step process described below pursuant to 20 C.F.R. §§ 404.1520 and 416.920, and determined that Plaintiff retained the residual functioning capacity ("RFC") to perform light work,[3] except that he (1) can occasionally bend, stoop, crouch, crawl, kneel, squat, and climb; (2) cannot work at heights; and (3) can perform simple low-stress work with occasional decision making, occasional changes in the work environment, and occasional interaction with the general public and co-workers. (Tr. 18–21.) Based on this RFC and the hearing testimony from a vocational expert, ALJ Berkowitz determined that Plaintiff could not perform his past relevant work, but that there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 21–22.) Accordingly, ALJ Berkowitz concluded that Plaintiff was not under a disability as defined by the Act from June 28, 2013 through the date of his decision. (Tr. 23.) The Appeals Council denied Plaintiff's request for review on December 15, 2017, at which point ALJ Berkowitz's decision became the final decision of the Commissioner. (Tr. 1–6.) This appeal followed. (See ECF No. 1.)

---

[2] Citations to "Tr." refer to pages of the certified administrative record filed by the Commissioner. (ECF No. 8.)

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

## II. DISCUSSION

### A. <u>Social Security Disability Standard</u>

Under the Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is disabled when his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an administrative law judge ("ALJ") determines disability. See 20 C.F.R. §§ 404.1520, 416.920. The analysis is summarized as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find his disabled if (5) there is not another type of work the claimant can do.

Brugess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). At step four, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in his prior type of work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant bears the burden at the first four steps; but at step five, the Commissioner must demonstrate that "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

**B. Scope of Review**

In reviewing a denial of disability benefits by the Social Security Administration ("SSA"), it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "'are supported by substantial evidence in the record as a whole, or are based on an erroneous legal standard.'" Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "'To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)). Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

Conversely, a remand for further proceedings is warranted in cases where the Commissioner has failed to provide a full and fair hearing, to make sufficient findings, or to have correctly applied the law and regulations. See Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999); see also 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

### C. Analysis

Plaintiff generally challenges ALJ Berkowitz's RFC determination, asserting that ALJ Berkowitz misapplied the "treating physician rule," failed to consider Plaintiff's insomnia, and failed to properly assess Plaintiff's credibility in formulating the RFC. Upon a review of the record, the Court finds that ALJ Berkowitz did not properly apply the regulations in formulating Plaintiff's RFC and remands this case for further consideration.

First, ALJ Berkowitz's failure to conduct any meaningful credibility analysis (including accounting for the Plaintiff's claims of insomnia) requires remand. The short RFC section in ALJ Berkowitz's opinion includes only three sentences about Plaintiff's subjective complaints:

> The claimant alleges he has pain with climbing steps and it is hard to walk. He claims it is hard to stand because of numbness in the legs. He also alleges racing thoughts and fatigue.

(Tr. 19.) Following that, ALJ Berkowitz states, in conclusory fashion, that Plaintiff's statements concerning his symptoms "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Id.) ALJ Berkowitz then briefly summarizes the medical evidence, but he completely ignores certain subjective complaints made by Plaintiff, including Plaintiff's detailed testimony about his insomnia and resulting symptoms corroborated by the medical record.[4] Moreover, there is no indication that ALJ Berkowitz considered the factors listed in the regulations in assessing Plaintiff's credibility. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Such a limited analysis precludes meaningful review by this Court. See SSR 96–7p, 1996 WL 374186, at *2 (stating that an ALJ's decision "must contain specific reasons for the finding

---

[4] Because ALJ Berkowitz conducted such a cursory analysis, the Court cannot conclude that the reference to Petitioner's complaints of "fatigue" in ALJ Berkowitz's decision means that ALJ Berkowitz considered Petitioner's representations that he has significant difficulty sleeping that requires medication and interferes with his ability to report to work.

on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight"). And, considering his failure to acknowledge Plaintiff's insomnia, it is not apparent that ALJ Berkowitz based his credibility determination on the entire record. See Genier v. Astrue, 606 F.3d 46, 50 (2d Cir. 2010) (noting that an ALJ must consider all the evidence in the record before finding that a claimant is not credible). Accordingly, upon remand, the Commissioner should reassess Plaintiff's subjective complaints based on the record as a whole,[5] and determine if such an assessment requires reconsideration of Plaintiff's RFC.

Compounding this error, it appears that ALJ Berkowitz also violated the "treating physician rule" in effect when Plaintiff filed his application for benefits. Under the treating physician rule, when a treating physician's opinion regarding the nature and severity of an individual's impairments is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ will credit that opinion with "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). However, an ALJ may discount a treating physician's opinion when the opinion is conclusory, the physician fails to provide objective medical evidence to support his or her opinion, the opinion is inconsistent with the record, or the evidence otherwise supports a contrary finding. See 20 C.F.R. §§ 404.1527(c), 416.927(c). An ALJ must provide "good reasons" not to grant controlling weight to a treating physician's opinion. See Schaal, 134 F.3d at 503–04. And, when a treating physician's opinion is not given controlling weight, the ALJ should "comprehensively set forth reasons for the weight assigned" to that opinion, considering

---

[5] The Commissioner is encouraged to expressly address all the factors for evaluating credibility identified in the SSA regulations. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

6

the factors identified in the SSA regulations. Halloran, 362 F3d at 33; see also 20 C.F.R. §§ 404.1527(c), 416.1527(c). These same factors are considered when evaluating other medical opinion evidence.

There are opinions from two medical professionals in the record regarding Plaintiff's alleged mental impairment. One set of opinions is from Dr. Snyderman, a psychiatrist who treated Plaintiff from July 2014 through November 2016. Dr. Snyderman gave a report to the Nassau County Department of Social Services on September 22, 2014 and completed a "Mental Impairment Questionnaire" on August 30, 2016. (Tr. 275–76, 424–46, 452–53.) The other opinion is from Dr. Herman who conducted an SSA-requested consultative psychological examination of Plaintiff on November 11, 2014. (Tr. 267–70.) ALJ Berkowitz gave little weight to both opinions of Plaintiff's treating psychiatrist, Dr. Snyderman, but granted great weight to the consultative examining psychologist, Dr. Paul Herman, who opined that Plaintiff's psychiatric problems "do not appear to be significant enough to interfere with the claimants ability to function on a daily basis to the extent that vocational functioning would be precluded."[6] (Tr. 269; see also id. 20–21.)

ALJ Berkowtiz did not comprehensively set forth the reasons why Dr. Snyderman's opinions were only entitled to little weight compared to the great weight granted to the opinion from Dr. Herman. For Dr. Snyderman, ALJ Berkowitz claimed that the opinions were not supported by the doctor's own progress notes. (Tr. 20–21.) However, he only referred to the contents of one treatment note (which took place after the 2014 opinion) and did not acknowledge

---

[6] ALJ Berkowitz also gave great weight to the opinion of Dr. Joseph McGowan, an infectious disease specialist who treated Plaintiff for his HIV-related ailments. (Tr. 19–20, 447–51.) Plaintiff does not directly challenge ALJ Berkowitz's assessment of Dr. McGowan's opinion. However, the Court notes that ALJ Berkowitz did not include in the RFC Dr. McGowan's opinion that because Plaintiff has an immune deficiency, he must avoid unsanitary conditions and exposure to chemicals, or explain why such a restriction was not credited. (See id.) It is unclear if this additional restriction would affect the jobs identified by the vocational expert at step five, but as the case is being remanded for reconsideration of the RFC, this restriction should also be addressed.

treatment notes that supported some of Dr. Snyderman's opinions. This raises concerns that ALJ Berkowitz did not consider the entirety of the record in assigning weight to Dr. Snyderman's opinions, and that he may have "cherry picked" the evidence that supported the RFC determination while ignoring the evidence that did not (or in the very least, makes it clear that he did not adequately reconcile conflicting evidence). See 20 C.F.R. §§ 404.1527(b), 416.927(b); Annabi v. Berryhill, No. 16-CV-9057, 2018 WL 1609271, at *16–19 (S.D.N.Y. Mar. 30, 2018) (remanding in part because the ALJ cherry picked evidence that supported the RFC while ignoring evidence that did not). In addition, ALJ Berkowitz's secondary reason for discounting Dr. Snyderman's 2016 opinion was that it was "internally inconsistent," an assessment with which the Court disagrees.

It is further concerning that ALJ Berkowitz gave so much more weight to the opinion of Dr. Herman, who only conducted one assessment of an individual who alleges a significant mental impairment, compared to the opinion of his psychiatrist who treated him for more than two years. (And that Dr. Herman's assessment took place almost two years before Dr. Snyderman's second opinion.) While in some contexts it is appropriate to give more weight to a consultative physician who only examined a claimant once, ALJ Berkowitz did not provide sufficient explanation in his opinion regarding the weighing of the evidence here, particularly considering the alleged mental impairment. Accordingly, upon remand, the Commissioner must assess the proper weight for each of the medical opinions in the record according to the treating physician rule,[7] and determine if such an assessment requires reconsideration of Plaintiff's RFC.[8]

---

[7] Again, the Court encourages the Commissioner to expressly address all the factors for evaluating opinion evidence in the SSA regulations. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

[8] While Plaintiff did not challenge ALJ Berkowtiz's step three analysis, the Court notes that any change in the weight assigned to the medical opinions may require a reassessment using the "special technique" outlined by the regulations to assess mental impairments. See 20 C.F.R. §§ 404.1520a, 416.920a.

Finally, the Court will not grant Plaintiff's request to remand for calculation of benefits because the record does not lead to the definitive conclusion that Plaintiff is disabled. See Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 2000) (directing remand for further proceedings where the record was not entirely persuasive with respect to the Plaintiff's disability). Instead, the Court remands for further consideration consistent with this Order.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's motion for judgment on the pleadings; DENIES the Commissioner's cross-motion; and REMANDS the case for further proceedings consistent with this Order. The Clerk of the Court is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: September 30, 2019
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE